IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MUSTFAFA MUSTAFA, )
)
    Plaintiff, )
)
v. ) Civil Action No.:
)
CELL TOUCH, INC. )
)
    Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, MUSTFAFA MUSTAFA, ("PLAINTIFF"), and files this Complaint against Defendant, CELL TOUCH, INC. ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of the Family and Medical Leave Act ("FMLA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of New Orleans, Louisiana and/or Marion County, Florida.

3. At all material times, DEFENDANT was a Florida corporation, with its principal place of business in Hillsborough County, Florida. DEFENDANT operates mobile phone stores, including stores in Ocala, Florida and New Orleans, Louisiana, which are where PLAINTIFF was employed at all material times.

## BACKGROUND

4. In or around May 2015, DEFENDANT hired PLAINTIFF to work as a sales representative. Approximately four or five months later, DEFENDANT promoted PLAINTIFF to the position of store manager and in or around late 2019, DEFENDANT promoted PLAINTIFF to the position of district manager. PLAINTIFF worked for DEFENDANT in Louisiana when a sales representative and store manager. He worked in Ocala, Florida as a district manager.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337 and by The Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*

7. While a store manager, PLAINTIFF was to be paid a salary which varied between $700 and $800 per week plus commissions that included ten percent of accessory sales, $6 per phone sold plus a 1.5 percent monthly bonus when Big Five criteria were met.

8. When a district manager, DEFENDANT agreed to pay PLAINTIFF $700 per week plus commissions that included ten percent of store sales.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

9. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

10. DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks per year/year prior.

11. In late December 2020, PLAINTIFF advised DEFENDANT that he suffered from a

serious health condition, namely a situation that required him to be out of work for more than three consecutive days and which required follow-up treatment. This occurred when he was transported by ambulance to a hospital due to an irregular heartbeat. He spent two nights in the hospital and was discharged with instructions to take medications and follow-up with both his primary physician and a cardiologist.

12. While still in the hospital, PLAINTIFF spoke with DEFENDANT'S vice-president Haitam Elghazal who told PLAINTIFF that DEFENDANT would have a job waiting for him in Louisiana, when he was able to return to work.

13. PLAINTIFF followed-up with DEFENDANT and attempted to contact Mr. Elghazal and spoke with district managers in the Louisiana market, but DEFENDANT never allowed PLAINTIFF to return to work.

14. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

15. PLAINTIFF had a "serious health condition," namely an injury, impairment or physical or mental condition that involved inpatient care in a hospital or other care facility, and continuing treatment by a health care provider.

16. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

17. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon return from leave; and 3) failing to provide PLAINTIFF with a written notice detailing the specific expectations and obligations regarding a request for leave.

18. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

19. DEFENDANT'S violation of the FMLA was willful.

20. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

21. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

22. PLAINTIFF performed his duties pursuant to his agreement with DEFENDANT.

23. DEFENDANT breached its agreement with PLAINTIFF by failing to pay him his commissions and bonuses and by failing to pay him at all for his last two weeks of work. This occurred throughout PLAINTIFF'S employment, both when he worked in Louisiana and Florida.

24. PLAINTIFF has been required to retain an attorney to collect his unpaid wages because DEFENDANT has refused to pay him despite PLAINTIFF'S repeated requests to be paid.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid compensation including

wages, bonuses and commissions, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S failure to properly compensate PLAINTIFF; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:  March 11, 2021

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF